**IN UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF VIRGINIA**

RECEIVED

JUL 1 1 2022

CLERK, U.S. DISTRICT COURT
RICHMOND, VA

FILED

AUG 1 9 22

CLERK, U.S. DISTRICT COURT
RICHMOND, VA

Shanteny A. Jackson

Plaintiff,                                          *

                                  Case No:  3:22 cv 486

                                         3.22 cv 562

                                  *

vs.                                                *

                                  *

① Henrico County Juvenile and Domestic Court;  *
② Henrico County Circuit Court;                *
③ Virginia Department of Social Services;
Division of Child Support Enforcement:         *

       Defendants,                                 *

                                  *



③ 801 E. Main St.
Richmond VA 2321(
Attn. Craig Peruished?
Virginia Dept of
Social Services,
Division of Child
Support Enforcement

**COMPLAINT**

Service
① 4201 E. Parham Rd.
Henrico VA 23228
Attn: Shannon Meadowcross
Henrico County Juvenile + Domestic Court

② 4309 E. Parham Rd 2nd Floor R# 240
Henrico VA 23228
Attn: Heidi S. Barshinger
Henrico County Circuit Court

1

## INTRODUCTION

1.  The Defendants' incorrectly calculated child support payments during a hearing dated July 15, 2021.  This miscalculation created a burden onto the plaintiff.

2.  The Plaintiff was entitled to $28,019.26  in arrears for unpaid child support.  The Defendants' child support miscalculations cancelled the outstanding balance.

3.  The Defendants' drifted from the original guidelines established in the Code of Virginia §20-108.1 and §20-108.2 which excludes from gross income self-employment expenses and personal injury settlements.

4.  The Plaintiff argued that child support payments of $799.00 (TY2021) and $742.00 (TY2022) were incorrectly calculated based on gross income computations.

5.  The Plaintiff  argued that preferential treatment or "bias or prejudice of Judge" (28 U.S. Code § 144) was being given to the custodial parent based on the following facts :

    a.  The **only** party required to verify sources of income despite **all parties** being acknowledged prior to court.  2020 tax records included income from various sources such as salaries, capital assets, self-employment, and personal injury settlements.

    b.  The **only** party required to show evidence of overnight stays was the non-custodial parent.  The justification for this request was "keeping a journal".

    c.  The **only** party "silenced" or forced not to continue explaining their defense during the hearing.  The justification for this request was "this is my court, I rule".

6.  The Defendants' excluded self-employment expenses and included the entire settlement amount in the gross income calculations.  Virginia Code §20-108.2 provide guidance on gross income computations and waivers.

7. The Plaintiff argued that child support payments of $799.00 (TY2021) and $742.00 (TY2022) were incorrectly calculated based on residency merits.  One of the children, Messiah Calvin,  included in the child support order was physically residing and part of the household of the non-custodial parent. Form DC-628  provides language and guidance on child support termination.  Item (iii) clearly denotes a residency requirement for child support payments.

8. The Plaintiff argued that overnight stays were more than 90 (ninety days).  Hard evidence was provided but dismissed with prejudice based on "not keeping a journal" of stays.

9. The Defendants' upheld final ruling and issued a new child support order for years 2021 and 2022.

10. The Plaintiff argued that changes in income were imminent and likely to be modified for the upcoming tax year 2021.

11. The Defendants' issued a continuance for January 1, 2022, to address impending matters.

12. The Plaintiff filed a miscellaneous motion (only format available at clerks desk) to appeal the decision entered on July 15, 2021.  The motion was scheduled to be heard on February 1, 2022.

13. The Plaintiff received a phone call from the Juvenile and Domestic Clerk's Office in October 2021 advising of the Judge's decision to deny request for continuance.  Later to discover that a continuance request had been fraudulently filed by the custodial parent.

14. The Plaintiff appeared to court November 4, 2021, to address custody motion on behalf of child residing with noncustodial parent of Messiah Calvin.

15. The Court was under a "bomb threat" and building lock-down for more than three hours. The officers securing the building did not provide reopening instructions nor court hearing status.

16. The Defendants' dismissed the case, favoring the custodial parent. The Defendants' findings were "child is now over the age of 18"

17. The Plaintiff moved to California in December 2021 due to federal employment.

18. . The Plaintiff contacted the clerk's office on January 20, 2022, to confirm court hearing scheduled for February 1, 2022. The clerk I spoke to was Britney. She informed that no court date was scheduled for February 1, 2022. I immediately contacted my attorney to inform her of the situation. She emailed me back confirming the same information.

19. The Defendants' awarded judgment to custodial parent and cancelled a $28,019.26 debt in arears.

20. The Plaintiff did not receive any notices of court actions. The noncustodial parent received a wage garnishment notice through her employer.

21. The Plaintiff contacted counsel to seek guidance on legal actions.

22. The Plaintiff filed a motion to rehear the case on March 17, 2022. Motion denied

23. The Plaintiff filed a motion to amend an existing order on March 17, 2022. The Clerk scheduled two different hearing dates for the same issue. One for June 21, 2022, at 11am and the other one on April 26, 2022, at 1pm.

24. The Plaintiff was unaware of the said court date (April 26, 2022), as it was double booked in the court system reflecting clerical errors and inconsistencies.

25. The Defendants' dismissed the motion to amend on April 26, 2022.

26. The Plaintiff filed an appeal with Henrico County Circuit Court on March 18, 2022.  Court hearing scheduled for May 16, 2022

27. The Defendants' dismissed appeal.

28. The Plaintiff filed several motions: change venue, show cause, and amending existing order.

29. The Plaintiff brings these actions under 42 U.S.C. §1983 to vindicate the rights under the Fifth and Fourteenth Amendment to the United States Constitution against the depravation of civil rights without proper due process and clerical negligence.

30. The Plaintiff seek a declaration from this court affirming that their rights have been violated and overturn prior court decisions.

## JURISDICTION AND VENUE

31. The Plaintiff claims arise under the Constitution and laws of the United States.  This Court has jurisdiction over these claims under 28 U.S.C. §§1331, 1343(a)(1)(3)(4).

32. This Court has the authority to grant declaratory and injunctive relief under 28 U.S.C. §2202 and Federal Regulation Civil Procedure 57 and 65.  The federal rights asserted by Plaintiff are enforceable under 42 U.S.C. §1983.

33. Venue is proper in the Eastern District of Virginia under 28 U.S.C. §1391(c). Defendants Henrico County Juvenile and Domestic Court, Henrico County Circuit Court, Virginia Department of Social Services: Division of Child Support Enforcement, as well as Plaintiff, reside in this judicial district.  All the events and omissions by Defendants giving rise to this action occurred in this judicial district.

## PARTIES

Plaintiff

34. Plaintiff Shanteny Jackson is a resident of Henrico County in Richmond, Virginia

35. Shanteny Jackson is a working professional.

36. Shanteny Jackson is the mother of three children (Iverson, Messiah and Zion).

37. Shanteny Jackson suffered harm from the depravation of her civil rights and due process.

38. Shanteny Jackson suffered economic injuries due to chronic clerical misinformation/disinformation and negligence.

   <u>Defendants</u>

39. Henrico County Juvenile and Domestic Court is the court of jurisdiction for child support and custody matters.

40. Henrico County Circuit Court is the court of jurisdiction for appeals in Henrico County.

41. Department of Social Services: Division of Child Support Enforcement is the authorized entity to enforce, collect, account for, and disburse payments for child support.

## FACTS

42. The Plaintiff experienced prejudice within the margin of law as it relates to due process and gender discrimination. Title VII of the Civil Rights Act prohibits discrimination based on race, color, sex, religion, and national origin. 42 U.S.C. §1983 provide protections centered on due process under the Fifth and Fourteenth Amendment.

43. The Defendants' demanded tax return examination to verify sources of income from the noncustodial parent. The custodial was not required to submit any evidence of income.

44. Even though the Plaintiff provided evidence of expenses and extended overnight stays, the documentation was dismissed because the noncustodial parent "did not keep a journal".

45. The Defendants' favored custodial parent by exonerating them from supplying evidence on disputed child's residence and support.

46. The Defendants' clerk provided the Plaintiff with misinformation/disinformation on court case status.  The Code of Virginia §16.1-69.40 provides guidance on clerk's role, due diligence, and liability.

## COUNT I:

## CLERICAL MISINFORMATION, DISINFORMATION AND NEGLIGENCE

47. The Plaintiff contacted the Defendants' clerk office to inquire about the status of her child support court case/hearing on January 20, 2022, at 9:9am.

48. The Plaintiff asked the Defendants' clerk to check her systems under various criteria's to assure that the name (s) were not misspelled or under the incorrect venue/issue.

49. The Plaintiff show eight (8) minutes of airtime logged in January's Verizon itemized statement.

50. The Plaintiff immediately contacted legal counsel to report discrepancies.  An email dated January 21, 2022, confirms actions and/or conversations.

51. The Code of Virginia §16.1-69.40 provides guidelines on the powers, duties, and liabilities of clerks.

52. The Code of Virginia §18.1 Tort Claims Against the Commonwealth of Virginia also provides guidance on negligent acts inflicted by an officer, employee or agent conducting business on behalf of the Commonwealth of Virginia.

53. The Plaintiff has experienced many clerical errors within the Defendants' clerks office. Some of these issues relate to fraudulent filings, post filing corrections and negligent misinformation (disinformation).

54. The Plaintiff contends that her rights have been violated (discrimination and negligence) and she has been deprived of her ability to defend her case in court (due process).

## COUNT II:

## JUDGMENT RENDED ON FEBRUARY 1, 2022, VIOLATES PLAINTIFFS' PROCEDURAL DUE PROCESS TO MEANINGFUL NOTICE AND OPPORTUNITY TO BE HEARD.

55. Both the Fourteenth Amendment and Article 1 section 11 of the Constitution of Virginia (Bill of Rights) prohibit state actors from depriving an individual of life, liberty, or property without due process of law. Included within these protections are the rights to notice and a hearing when the state deprives an individual of fundamental liberties and property interests.

56. The Plaintiff have fundamental property and liberty interest in deriving income and possessing/disposing of real property and other resources.

57. The Defendants violated Plaintiff's federal and state due process rights by negligently providing misinformation about case status, excluding the Plaintiff from court decisions, and denying access to a jury or an appeal.

## COUNT III:
## DEFENDANS ARE VIOLATING PLAINTIFFS' SUBTANTIVE DUE PROCESS RIGHT TO PERSONAL SECURITY.

58. The Due Process Clause of the Fourteenth Amendment echoes that of the Fifth Amendment which includes procedural protections, such as notices and hearings.

59. Both the Fourteenth Amendment and Article 1 section 11 of the Constitution of Virginia (Bill of Rights) protects fundamental liberty interests against certain governmental intrusions irrespective of the fairness of the procedures utilized. This substantive guarantee is intended to prevent state actors from employing their power in an abusive or oppressive manner.

60. The Defendants overstepped the boundaries of fairness and legal procedures by negligently providing misinformation about court proceedings, favoring inequitable dispositions to intentionally benefiting one party (custodial parent), and denying access to post sentencing relief.

61. The Plaintiff experienced emotional distress, and economic damages as the result of these abusive practices.

## <u>RELIEF REQUESTED</u>

WHEREFORE, Plaintiffs respectfully request that this Court:

a) Enter a judgment declaring Henrico County Juvenile and Domestic Court February 1, 2022, judgment void based on due process violations found in the Fifth, and Fourteenth Amendment of the United States Constitution and article 1, section 11 of the Virginia Constitution.

62. Enter a judgement declaring that Defendants' failure to provide Plaintiff negligently providing misinformation about court proceedings, favoring inequitable dispositions to intentionally benefiting one party (custodial parent), and denying access to post sentencing relief violates the right to due process guaranteed by the Fifth, and Fourteenth Amendment of the United States Constitution and article 1, section 11 of the Virginia Constitution.

b) Enter a judgement declaring that Defendants' enforcement of the February 1, 2022, judgment violates Plaintiff substantive due process rights to a notification, proper  hearing and a jury as guaranteed by the Fifth, and Fourteenth Amendment of the United States Constitution and article 1, section 11 of the Virginia Constitution.

c) Issue a permanent injunction prohibiting Defendants from enforcing February 1, 2022, judgment.

d) Issue a permanent injunction requiring Defendants to provide notice and an opportunity to be heard on whether the child support judgement violates and deprives Plaintiff from exercising her federal and state rights.

e) Once retained, award costs and attorney's fees pursuant to 42 U.S.C. §1988

f) Grant or award any other relief this Court deems just and proper.

Dated this July 5, 2022

Respectfully submitted,

Shanteny A Jackson, pro se
808 Grayfox Dr.
Richmond VA 23223